Good morning. I'm John Rhodes. I'm from the Missoula office of the Federal Defenders of Montana. I represent Pat Legan. The imposition of the revocation sentence here violated double jeopardy by imposing a multiplicitous sentence concurrent to the existing sentence lifetime term of supervised release. And when the district court imposed the revocation sentence, it did not have the benefit of the Supreme Court's recent decision in Haymond, which clarified that final sentence includes any sentence imposed upon revocation of supervised release. And I think that's particularly important because the Supreme Court has clarified that when a revocation sentence is imposed, that is part of the final sentence. Here there was a preexisting multiplicitous sentence for possession of child pornography in the district court pursuant to the revocation imposed a concurrent term of lifetime supervised release for the receipt of child pornography. What's the authority at a revocation hearing for the district court to reach back and to vacate one of the convictions? It's the double jeopardy clause, and I think that's a real red herring. But even with constitutional rights, you have to look to a procedural mechanism. Otherwise, at any time, you could go back in and vacate a sentence, and that's not what's allowed. But this didn't happen at any time. It happened when the district court had jurisdiction over the revocation proceedings, and it was the revocation proceedings that gave the court the jurisdiction. So your position is that in that revocation proceeding, the district court could say, ah, we now know under Davenport and under this recent Supreme Court case that one of these convictions is multiplicitous, and therefore we need to vacate one. So conviction A, vacated. Yes, and it's not. You think that's permissible? Yes, and it's not a discretionary decision. It's mandatory because what the district court did. Well, what statute says that it's mandatory? That's a real red herring in this case, the idea that there has to be statutory authority for the courts to enforce the Constitution. That's why we went back to Marbury, back to McCullough v. Maryland. So there's no, you know, 2255 is just there for looks. Well, it would be there for looks if there was no revocation proceeding. Well, 2255, you know, is based on a, usually it's based on a constitutional violation. Allegedly, you know, you raise ineffective assistance of counsel in a 2255. Yes, but it's the revocation proceedings that provide the jurisdiction, and I realize that in Haymond or this court's decision in Martin or Pascal where the Fifth and Sixth Amendments have been applied at the revocation proceedings. Let me ask you this. Why isn't it sufficient? In fact, this was suggested to the district court that the district court simply terminate the revocation. What are the terms, supervised release? Supervised release. One of the terms of supervised release at the revocation proceeding and then proceed on the other. Why isn't that sufficient to avoid any double jeopardy harm? I advocated for two remedies, two avenues for relief, first being the double jeopardy problem. Alternatively, both myself and the U.S. Attorney's Office advocated for terminating either sentence, either term of supervised release, and the district court refused to do that. That would get us to the same bottom line result. Go ahead. Didn't this court do that because it was reading it as the conduct of the defendant and in the interest of justice? Yes. My understanding of the district court was just that, Your Honor, that the district court looked at the violation conduct, maybe reaching back to the underlying offense conduct and didn't feel that the interest of justice, which, as you know, is the governing standard to terminate a term of supervised release, didn't feel it was appropriate here, which I was actually advocating under a constitutional avoidance theory, and the district court just simply was not interested in that, so we have this double jeopardy violation now. I'm sorry, can I ask a question? Yeah, go ahead. So even if we were to eliminate one of the terms of supervised release, wouldn't there be some ongoing liability? For instance, if he commits another federal violation, you're going to look at his record and see, well, he's got two felony convictions. He's got the lesser included in the original offense, and so while you may eliminate the supervised release problem of double jeopardy, you still have the ongoing problem with the conviction. You're intimately familiar with 3553A and the history and characteristics standard, as well as protecting the public, promoting respect for the law, the need for rehabilitation. That's certainly a fact, should Mr. Legan be back before any court, that the court would be free to consider in terms of imposing sentence. But constitutionally, the district court can't impose a multiplicitous sentence, and that's what happened. Yeah, but how do we fix it? What's the authority? The authority is the Constitution. That's what I was getting at. When you look at the Supreme Court's decision in Hayman, there's nothing in 3583E or anywhere in the supervised release revocation statute that says the Fifth and Sixth Amendment apply. When you look at 3553A, the general sentencing statute, which again, Judge Burgess, you're intimately familiar with, there's nothing in there that says constitutional protections apply. Congress has mandated that. It's the Bill of Rights, and it's the court's job to enforce the Bill of Rights, and this idea that somehow the statute doesn't permit it, then none of the Bill of Rights would be enforced because when you look at the Fourth, Fifth, Sixth, and Eighth Amendments, there's no remedies in there. Those have all been recognized as necessary to enforce the substantive rights, and that's what's happening here. And I would like to note that this court in Wing and in Hertler, in my opinion, anticipated what the Supreme Court said in Hayman, that the final sentence includes any revocation sentence. In Wing, it established that when there's a revocation and a new term of supervised release, that term is distinct and separate from the previous term, and Hertler recognized when there are two terms of supervised release, they are separate and distinct. So let me ask you this. I understand your argument. At the time of the sentencing in this case, Davenport had not been issued. Actually, Davenport had issued the month. At the time he was sentenced? Yeah. Sorry, take that back. Issued the next month. He was sentenced in February. Davenport issued in March. You're correct, Your Honor. Sorry. It was not on the books when he was sentenced, correct? Correct. And no 2255 petition was filed? Correct. Correct. Okay. What is it that you want us to do? Direct the vacate and remand to the district court the vacate. Vacate what? One of the two counts of conviction. You want us to vacate one of the counts of conviction? One of the two counts, and that's within the discretion of the district court, which was established by the Hector case. Oh, so what you really want us to do is to remand to the district court, tell the district court, vacate one of those sentences, convictions, and then proceed on the other? Correct. That's what you want us to do? Correct. Okay. And the procedural statutory basis for that is what? This court's statutory appellate review and, again, the double jeopardy clause. Okay. So. And the district court has imposed. So the fact that we have appellate jurisdiction gives us authority to tell the district court, vacate one of those convictions. Yeah. Honor the double jeopardy clause. And that's one thing I want to point out. The government's saying there's no practical consequence. Well, there is here. He's on two lifetime terms of supervision. He has to register as a sex offender, so anyone that looks him up will see he's serving two counts of conviction, which has an incredible social stigma. There's 26 conditions of supervised release. He's serving dual conditions, which gets to the flip side of that point. Here, at a practical level, the double jeopardy clause will be enforced, and the bottom line is Mr. Legan will still be on a lifetime term of supervised release. He's living in Missoula now on a two lifetime terms of supervised release. Okay. You want to stay a minute for rebuttal? Yes. Thank you, Your Honor. Okay. Good morning, Your Honors. May it please the Court, my name is Leif Johnson for the United States. As Mr. Rhodes just made clear, he's clearly seeking to vacate the underlying conviction here, and in asking for that relief, he's swimming against the tide in both Simmons, Garas, and the Castro case that we've cited in our briefs. Those cases stand for really a two-part proposition. Number one, the defendant cannot use the revocation process to circumvent the procedures in 2255. That he is seeking to do here. And secondly, that the district court should, as the Simmons court stated, consider the underlying convictions valid for the purposes of the revocation. So that final prong of this case law, the governing case law of the circuit, really undermines the defendant's arguments here. He is arguing, and I don't really understand completely how or why, how it fits together, but that somehow the double jeopardy violation carries forward in the revocation proceeding. If the district court properly considered the underlying multiplicitous conviction, and that is the possession conviction as valid, it completely undermines his argument that there is somehow some carryover. Well, imposition of a term of supervised release is part and parcel of the original sentence. Yes, it is. But as the court has made clear, underlying constitutional issues in the sentence don't carry over in the supervised release revocation setting. That was the case in Simmons. In Simmons, the defendant was basically arguing that he was coerced in his confession. It would have been basically an invalid waiver of his right to counsel. And the court said in that case, we have to, in the revocation proceeding, do what the district court did here, which was treat that underlying conviction as valid. Now, in this case, clearly Judge Malloy understood that there was a multiplicitous problem in the underlying conviction. I mean, the district court brought that up, and he was completely aware of that, and that's why he only sentenced the defendant to one term or one revocation on count one and not two revocations. So he avoided any harm to the defendant in this proceeding that would have carried forward from the second conviction. But that's just Judge Malloy's practical solution to this problem by holding in abeyance the second. Sure. Right. And it's a lifetime term of supervised release, right? It's a lifetime term of supervised release. Yes, concurrent lifetime term. Correct. So my question is this. What happens if Judge Malloy is not around anymore, and the next judge comes along and says, hey, I disagree. I'm going to revoke you on both of these. And I think that could be a problem for a later day, obviously, Your Honor. And we do think, though, and I think Judge Malloy touched on this, that would be a case where the district court would have to deal with that in the revocation proceeding itself. In other words, it still couldn't reach back and vacate the multiplicitous conviction. It would have to address whatever harm the defendant could raise in the revocation proceeding under 3583, which gives it the authority to terminate, modify, or revoke a term of revocation. So in that case, the court would, I would presume, exercise its discretion to terminate one of the terms of supervision. And you're not opposed to that? We didn't oppose that in the district court because we thought that was a practical solution to this appeal, which really has no impact on the defendant whatsoever at this stage, given the district court's wise ruling. However, the district court, and as it points out in his ruling, I think was well-grounded in the statute to say, well, wait a minute, you know, 3583 really does state that I can terminate this term, but that it has to be justified by the defendant's conduct. And if you look at the defendant's conduct. And the interest of justice. And in the interest of justice. And given the defendant's conduct, the district court exercised its discretion not to do that. But isn't it the interest of justice to correct this devil jeopardy problem? I don't see that there is any interest of justice in that because it has no practical effect on the defendant in any way in this proceeding. Obviously, the district court was wise to avoid any such conflict. But if that occurred in the future, the court would have that discretion, we think, Your Honor, under 3583. There are a couple of other issues that the defendant. No, go ahead. That the defendant raises to distinguish this case from some of the precedent, which we think is controlling here. He suggests that supervised release is treated differently. This court in Castro cited a number of out-of-circuit cases, several of which deal with supervised release revocations. So that's not a distinction. This court has unpublished decisions that are cited in Castro as well that had to do with supervised release revocations. Also, the constitutional sort of dimensions of the problem here don't distinguish this case, as I mentioned earlier. I think Simmons stands for that proposition. And finally, we don't see that the Hayman case really alters or affects the underlying authority of Simmons and Castro Garcia. This court, to reiterate, is limited or the district court was limited from allowing the defendant to relitigate 2255 in a revocation proceeding or to otherwise treat the underlying conviction as anything but valid. If the court has... Let me ask you, what was the conduct that precipitated the revocation proceedings? So it's described in Volume 2 of the record, Your Honor. It involved violations of basically a sexual offender treatment. The defendant, as you can see, some of it is pretty sorted allegations, but some of it had to do with frequenting adult shops  and creating what the probation office... That's the conduct that the district judge is referring to. Yes, and I think some of the conduct related to creating some relationships that took the defendant outside of his treatment program. There was other conduct, sexual in nature, that was not the basis for the actual revocation. It was dismissed in the revocation, but I think the court fairly considered the entirety of the conduct to be concerning to say the least is the court's quote, Your Honor. Okay. If the court has no further questions, we would ask the court to affirm. Thanks. Let me ask, what were you asking us to do, just to affirm what the district court did? Or do you think we should remand and tell the district court, terminate one of those? No, we think you should affirm. I think that the rule going forward that this court has made explicit in its prior precedents is that the district court has some discretion to deal with problems as they arise in revocation, and that discretion is contained in the statute 3583, and we don't think the court abused that discretion. Okay. I'm sorry. So you want us to do nothing, just affirm? Is that your position? Yes. And has that consistently been your position throughout this litigation, or did you not agree earlier to the approach of eliminating one of the terms of supervised release? No. We did. So the parties did together recommend to the court that they would be amenable to that in this case. So what's changed? Well, we don't think the court erred in deciding not to do that. That was, I think, a suggestion on our part that simply would have avoided this appeal and any controversy involving this issue, because the defendant is clearly not impacted in any way by the outcome here. Okay. No case is examined where the imposition of a supervised release sentence violates double jeopardy. And this idea that this court has ruled that underlying constitutional issues cannot be examined at revocation, that's not what the case law says. Gastro Verduga, the defendant, was challenging the district court's jurisdiction. Here we're saying it's the revocation sentence, the revocation proceedings, that creates the district court's jurisdiction. And this idea that this is a problem to be left for another day, the Supreme Court in this court has been very clear that collateral consequences that are subject to anticipatory events can violate double jeopardy. So this idea that there's no practical effect in any way to serve two lifetimes terms of supervised release, first of all, there are practical effects. Like I said, if you're a registered sex offender, the community is going to know. More importantly, the courts have repeatedly recognized that collateral consequences, even anticipatory ones, are a reason to enforce the double jeopardy clause. Our request, Your Honor, is that the court vacate the district court's ruling and remand and give the district court its discretion to vacate one of the two underlying convictions. Okay. Thank you, Your Honors. Thank you, counsel. I appreciate your arguments this morning.
judges: Fernandez, Paez, Burgess